J-S16017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| AKIL JOHNSON | |
| Appellant | No. 757 WDA 2016 |

Appeal from the PCRA Order April 22, 2016
in the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0001026-2004

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED MAY 22, 2017**

Appellant, Akil Johnson, appeals from the order entered April 22, 2016, denying as untimely his serial petition for collateral relief filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  We affirm.

In August 2005, a jury convicted Appellant of fourteen counts of possession with intent to deliver crack cocaine, four counts of dealing in proceeds of unlawful activity, one count of criminal conspiracy, one count of corrupt organizations/conducting an enterprise, and one count of corrupt organizations/conspiracy.[1]  Appellant was sentenced to an aggregate term of forty-nine to ninety-eight years of incarceration.

---

[1] **See** 35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 5111(a)(1), 903, 7512(a), 911(b)(1), respectively.

[*] Retired Senior Judge assigned to the Superior Court.

Appellant timely appealed, and this Court affirmed his judgment of sentence on August 9, 2006. *See Commonwealth v. Johnson*, 909 A.2d 880 (Pa. Super. 2006) (unpublished memorandum). Appellant did not petition for allowance of appeal with the Pennsylvania Supreme Court.

In October 2006, Appellant *pro se* timely filed a petition seeking PCRA relief. Appellant's petition was dismissed, and the dismissal was affirmed on appeal. *See Commonwealth v. Johnson*, 972 A.2d 554 (Pa. Super. 2009) (unpublished memorandum).

In June 2012, Appellant *pro se* filed a second PCRA petition, arguing that he met the newly-discovered facts exception. Following an evidentiary hearing, the court dismissed Appellant's petition as untimely filed. This dismissal was affirmed on appeal. *See Commonwealth v. Johnson*, 83 A.3d 1080 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 85 A.3d 483 (Pa. 2014).

In November 2014, Appellant filed a motion to modify his sentence; the PCRA court dismissed this motion. Appellant did not appeal the dismissal.

On March 28, 2015, Appellant *pro se* filed a third PCRA petition. Appointed counsel filed an amended petition, raising issues of trial and appellate counsel ineffectiveness, and attempting to plead the newly-discovered facts exception to the time bar, averring that Appellant had newly-discovered information that a Commonwealth investigator had been involved in a romantic relationship with a Commonwealth witness. *See*

Amended PCRA Petition, 2/6/16, at ¶ 38-39. The petition did not articulate details regarding Appellant's discovery of the information, nor did it plead Appellant's due diligence in attempting to discover said information. Appellant did not request leave to amend the petition. In April 2016, the PCRA court dismissed the petition as untimely filed.

Appellant timely appealed; the PCRA court did not order him to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Appellant raises a single issue for our review:

> 1. Whether the [PCRA court] erred in denying and dismissing [Appellant's] amended PCRA petition without an evidentiary hearing in as much as the amended PCRA petition raised material issues of fact on its claims which had merit?

Appellant's Brief at 4 (unnecessary capitalization omitted).[2]

_____

[2] Appellant also claims that the court erred in failing to send notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing. **See** Pa.R.Crim.P. 907. The docket supports this contention. However, the failure to issue a Rule 907 notice does not automatically warrant reversal, especially where Appellant's petition is patently untimely. **See Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013); **see also Commonwealth v. Pursell**, 749 A.2d 911, 917 n.7 (Pa. 2000) (declining to provide appellant with relief despite PCRA court's failure to send required notice, where appellant failed to invoke jurisdiction of the trial court by pleading and proving the applicability of PCRA timeliness exceptions). Accordingly Appellant's claim that he is warranted relief by the PCRA court's failure to send notice pursuant to Pa.R.Crim.P. 907 is meritless.

Further, as Appellant did not object to the lack of Pa.R.Crim.P. 907 notice in the PCRA court, this objection is waived for purposes of appeal. **See** Pa.R.A.P. 302.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).

In this case, the PCRA court dismissed Appellant's petition without a hearing. *See* PCRA Court Order, 4/21/16, at 1. There is no absolute right to an evidentiary hearing. *See Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." *Springer*, 961 A.2d at 1264.

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *Id*. There are three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Appellant's petition is patently untimely.[3] Accordingly, in order to reach the merits of his issues, he must plead and prove one of the exceptions to the time bar. *See Bennett*, 930 A.2d at 1267. Although Appellant acknowledges his petition is untimely, he claims he is entitled to PCRA relief based upon the newly-discovered facts exception, namely, the fact that a lead investigator in his case had an ongoing intimate relationship and child with a Commonwealth witness. *See* Appellant's Brief at 9. Appellant claims that he first discovered this information from another inmate in August 2015, and that the evidence could not have been discovered earlier. *Id.* at 9-10. Further, Appellant contends this evidence

_____

[3] Appellant's judgment of sentence became final on September 8, 2006, at the expiration of his thirty days to petition for allowance of appeal to the Pennsylvania Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Accordingly, he had until September 2007 to timely file a PCRA petition.

would have been used to cross-examine the witness, which in turn would have resulted in his acquittal. ***Id.***

> The newly-discovered facts exception
>
> has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

***Commonwealth v. Bennett****,* 930 A.2d 1264, 1272 (Pa. 2007) (internal quotation marks and citations omitted; emphasis removed).

Appellant has not pleaded or proved a time bar exception by newly-discovered fact. Here, Appellant's petition averred only that he had discovered the alleged relationship from "a fellow inmate" in August 2015. The petition stated only that counsel was "still investigating" Appellant's allegations regarding the relationship and listed potential witnesses who could be called with regard to this information, without identifying the witnesses or what they were expected to testify to. The petition did not provide an affidavit from Appellant or any witness. Further, beyond a bald assertion to that effect, the petition did not establish that the information could not have been obtained previously through the exercise of due diligence. Thus, Appellant failed to plead and prove that the newly-discovered facts exception applied to his petition. ***Bennett****,* 930 A.2d 1264, 1272 (Pa. 2007).

Appellant's petition is untimely, and he has not satisfied a timeliness exception to the requirements of the PCRA. Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claim, and properly dismissed his petition. **See *Ragan***, 932 A.2d at 1170.

Order affirmed.

Judge Moulton Joins.

Judge Platt Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2017